ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARIELLYS ZOÉ HERNÁNDEZ DÍAZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>CAGUAS PRIVATE SCHOOL, **UNIVERSAL INSURANCE COMPANY** Y OTROS<br><br>Peticionarios | KLCE202401289 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2023CV03263<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de febrero de 2025.

Comparece Universal Insurance Company (en adelante, Universal o peticionaria) y nos solicita que revoquemos la Minuta-Resolución emitida y notificada el 29 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). En el referido dictamen, el TPI declaró No Ha Lugar la Solicitud de sentencia Sumaria Parcial de la peticionaria ordenando así la continuación de los procedimientos ante el TPI.

Examinado el recurso, resolvemos denegar la expedición del auto de *certiorai* solicitado.

**I.**

El 27 de septiembre de 2023, la señora Marielys Z. Hernández Díaz y el señor Ángel L. Colón Bermúdez (en conjunto, los recurridos) presentaron una demanda por sí y en representación del menor DCH contra Caguas Private School (CPS) y Universal por hechos ocurridos el 3 de octubre de 2022.[1] Según surge de la

---

[1] Apéndice, págs. 1-7.

Número Identificador

RES2025_____

demanda, los recurridos alegaron que el 3 de octubre de 2022, DCH cayó desde la parte más alta de la escalera de una chorrera en el área de juegos de CPS. A raíz de esta caída, DCH sufrió una fractura en su brazo izquierdo que requirió intervención quirúrgica y que mantuvo al menor encamado por aproximadamente un mes. Además, alegan los recurridos que la fractura fue de la tal gravedad, que los doctores no podían asegurarles que el brazo de DCH se pudiese salvar. Lo anterior responde a que, según se alega en la demanda, el hueso del húmero obstruyó la arteria principal y esto, a su vez, provocó que el brazo de DCH no tuviese signos vitales al igual que la pérdida de color en el brazo y cuerpo. Como resultado de todo esto, DCH tiene movilidad limitada en el brazo izquierdo que afecta al menor de manera física y emocional.

Finalmente, los recurridos arguyeron que CPS falló en su deber de supervisión en el área de juegos y que ello ocasionó las lesiones de DCH. Por todo esto, los recurridos reclamaron una compensación monetaria por los sufrimientos, angustias mentales y daños físicos de DCH al igual que por la pérdida de ingresos de la señora Marielys Z. Hernández Díaz.

CPS y Universal contestaron la demanda respectivamente y —en esencia— solicitaron su desestimación.[2] El **16 de abril de 2024**, el TPI celebró una Vista Inicial en la cual atendió varios asuntos.[3] Principalmente, determinó que el **15 de septiembre de 2024** sería la fecha límite para culminar el descubrimiento de prueba y, además, pautó para el **29 de octubre de 2024** la Conferencia con Antelación al Juicio.

El **22 de octubre de 2024**, Universal presentó una Solicitud de Sentencia Sumaria Parcial.[4] En síntesis, arguyó que la cubierta

---

[2] Apéndice, págs. 8-20 y págs. 21-26, respetivamente.
[3] Apéndice, págs. 221-222.
[4] Apéndice, págs. 27-220.

de la póliza de seguros suscrita a favor de CPS excluye los daños que surjan de la prestación u omisión en la prestación de servicios profesionales. Específicamente, la peticionaria arguyó que la cubierta excluye cualquier daño físico imputable a negligencia o cualquier otra irregularidad en la supervisión, contratación, empleo, entrenamiento o monitoreo de terceros si el evento que ocasionó la lesión corporal fue a raíz de la prestación o defecto en la prestación de cualquier servicio profesional.[5]

El **29 de octubre de 2024**, el TPI celebró la Conferencia con Antelación al Juicio en la cual Universal hizo hincapié en la Solicitud de Sentencia Sumaria Parcial y solicitó atender ese asunto primero. El TPI indicó que el término para radicar la Moción de Sentencia Sumaria Parcial transcurrió. No obstante, el TPI discutió la Solicitud de Sentencia Sumaria Parcial con las partes al igual que el asunto de la póliza de seguro de CPS. Finalmente, el TPI declaró No Ha Lugar la Solicitud de Sentencia Sumaria Parcial de Universal por haberse radicado fuera del término establecido en la Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V., R.36.2.[6]

Inconforme, Universal acudió ante nos mediante recurso de *certiorari* y alegó la comisión de un único error:

> **ERRO EL TPI EN DENEGAR LA SOLICITUD DE SENTENCIA SUMARIA POR NO HABERE PRESENTADO DENTRO DEL TERMINO DISPUESTO POR LA REGLA 36.2 CUANDO LA JURISPRUDENCIA VIGENTE ESTEBLECE QUE DE LA CITADA REGLA NO SE DESPRENDE QUE EL TÉRMINO SEA DE NATURALEZA JURISDICCIONAL Y QUE RECAE EN LA SANA DISCRECIÓN DEL FORO PRIMARIO ACEPTAR Y EVALUAR EN LOS MÉRITOS UNA MOCIÓN DE SENTENCIA SUMARIA SIEMPRE QUE FACILITER LA SOLUCION JUSTA, RÁPIDA Y ECONÓMICA DE LOS LITIGIOS CIVILES QUE NO PRESENTAN CONTROVERSIAS GENUINAS SOBRE HECHOS MATERIALES, RODRIGUEZ CARDONA V CORPORACIÓN FSE 2018 WL 4896049.**

---

[5] Apéndice, pág. 145.
[6] Apéndice, págs. 223-224.

CPS y los recurridos acudieron mediante sus respetivos recursos en oposición. Contando con la comparecencia de todas las partes, procedemos a resolver.

**II.**

*A.*

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro

intermedio tiene autoridad para atender los recursos de *certiorari*.

En su parte pertinente, la norma dispone como sigue:

.     .     .     .     .     .     .     .

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

.     .     .     .     .     .     .     .

La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari*, así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG*, *supra*, pág. 175.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B, R. 40. Así reza:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, **es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R.36, gobierna el mecanismo de la sentencia dictada sumariamente. Esta herramienta procesal sirve al propósito de aligerar la conclusión de los pleitos, sin la celebración de un juicio en sus méritos, siempre y cuando no exista una legítima controversia de hechos medulares, de modo que lo restante sea aplicar el derecho. Véase, *Jusino et als. v. Walgreens*, 155 DPR 560, 576 (2001); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018); *Meléndez González et al. v. M. Cuebas,*

193 DPR 100, 109 (2015). Así se propende a la solución justa, rápida y económica de los litigios de naturaleza civil en los cuales no exista una controversia genuina de hechos materiales. *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2021). En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas, supra*, pág. 110. Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

La Regla 36.2 del mismo ordenamiento procesal, establece que la parte contra la cual se haya formulado una reclamación podrá presentar "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación". 32 LPRA Ap. V, R. 36.2. Por su lado, conforme la Regla 36.3 de Procedimiento Civil, *supra*, en su contestación, la parte promovida "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede". 32 LPRA Ap. V, R. 36.3 (c). Asimismo, la Regla 36.3 de Procedimiento Civil, *supra*, establece unos requisitos de forma a ser cumplidos por la parte promovente y la parte promovida. 32 LPRA Ap. V, R. 36.3; Véase, *Pérez Vargas v. Office Depot, supra*, pág. 698. Por consiguiente, el incumplimiento del promovente de estas formalidades acarrea que el tribunal no esté obligado a considerar su pedimento. *Meléndez González et al. v. M. Cuebas, supra*, pág. 111. En caso de que el promovido sea quien incumple dichos requisitos "el tribunal puede

dictar Sentencia Sumaria a favor de la parte promovente, si procede en derecho**. *Id.*

En cuanto a la revisión de un dictamen sumario o la denegación de la resolución abreviada, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia; y (2) sólo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, así como si el derecho se aplicó de forma correcta. Esto es, no estamos compelidos a adjudicar los hechos materiales esenciales en disputa. *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004). El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio.

A esos efectos, el Tribunal Supremo de Puerto Rico estableció el estándar específico que debemos utilizar como tribunal revisor al momento de evaluar determinaciones del foro primario en las que se conceden o deniegan mociones de sentencia sumaria. En lo pertinente, dispuso que "[l]a revisión del Tribunal de Apelaciones es una de *novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor". *Meléndez González et al. v. M. Cuebas, supra*, pág. 118. Además, reiteró que por estar en la misma posición que el foro primario, debemos revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma recopilados en la Regla 36 de Procedimiento Civil. *Id.*

Por lo cual, luego que culminemos nuestra revisión del expediente, de encontrar que en realidad existen hechos materiales

y esenciales en controversia, debemos tener en cuenta el cumplimiento de la Regla 36.4 de Procedimiento Civil y exponer concretamente cuáles hechos materiales están controvertidos y cuáles están incontrovertidos. Por el contrario, de resultar que los hechos materiales y esenciales realmente están incontrovertidos, entonces nos corresponde revisar *de novo* si el foro impugnado aplicó correctamente el derecho a los hechos incontrovertidos. *Id.*, pág. 119.

Al dictar una sentencia sumaria, este tribunal deberá realizar un análisis dual que consiste en: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal; y (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *Vera v. Dr. Bravo*, *supra*, pág. 333. Una vez realizado este análisis el tribunal no dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho no procede. *Id.*, págs. 333-334.

### III.

Universal nos solicita que revoquemos la resolución emitida el 29 de octubre de 2024 por el TPI y que devolvamos el caso para que el foro de instancia resuelva la Solicitud de Sentencia Sumaria Parcial de la peticionaria. Luego de examinar el expediente ante nuestra consideración, no encontramos que la resolución recurrida tuviese indicios de craso abuso de discreción, prejuicio, parcialidad o error que justifiquen nuestra intervención para sustituir el criterio

del foro primario. Si bien el Tribunal Supremo ha señalado que el foro de primera instancia puede considerar una moción presentada tardíamente, también descansa en su sana discreción y autoridad declinar hacer dicha evaluación. En el caso de autos, no tenemos razón para sustituir el criterio del tribunal *a quo*.

Por ello, concluimos que el TPI —en observancia a la norma procesal— no abusó de su discreción al declarar No Ha Lugar la Solicitud de Sentencia Sumaria Parcial de Universal. En vista de ello, no hallamos criterio alguno bajo la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que nos mueva a variar la *Resolución* emitida por el TPI. Procede la denegación del auto discrecional del título.

**IV.**

Por los fundamentos expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones